IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DOUGLAS E. GRAY                      §
   TDCJ-CID #586172              §
                                         §
VS.                                  §          C.A. NO. C-05-428
                                         §
PADDY BURWELL, ET AL.                §

## MEMORNADUM OPINION AND ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Applying these standards, plaintiff's  claims are dismissed.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge (D.E. 7), and this case was re-assigned to undersigned on November 2, 2005 (D.E. 12).

## II.  FACTUAL ALLEGATIONS

In 1991, in Harris County, Texas,  plaintiff was convicted of murder and sentenced to 25 years in prison.  Plaintiff claims that, pursuant to the law at the time of his sentencing, he was eligible for

parole after serving 25% of his sentence, that is, after serving 6 years and 91 days.  Plaintiff claims that

he has now served over fifteen (15) calender years, but that defendants, who are officials and members

of the Texas Board of Pardons and Paroles, have repeatedly denied him parole.  He claims that on

February 19, 1997, defendants denied him parole for 2 years, and offered no explanation for the denial.

On March 22, 2001, he was denied parole for another 2 years for 'non-specific' reasons.  On September

24, 2003, he was denied parole again for 2 additional years.  Plaintiff claims that his parole is denied

for either nonspecific reasons or for behavior/actions that he "was never convicted of."

Plaintiff claims that defendants have violated his due process rights because they deny his parole

without explanation.  He claims that their actions are arbitrary, capricious, and an abuse of discretion.

He also claims that defendants are unlawfully applying a new law which  requires prisoners to serve

50% of their sentences, in violation of the ex post facto clause.

Plaintiff seeks a declaratory judgment that defendants are acting beyond their powers and that

they be enjoined from doing so.  He also seeks $10,000 in compensatory damages for each illegal

parole hearing, and $30,000 in punitive damages for each hearing in which his rights were violated.

## III.  DISCUSSION

### A.    Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action

may be dismissed for failure to state a claim upon which relief can be granted.[1]  42 U.S.C. §

1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation

was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988);

see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure

to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim

---

[1] Plaintiff states that he did not exhaust his administrative remedies because it was "not required."

entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.     Nature of plaintiff's claims.**

The initial question is whether plaintiff's claims are cognizable under § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.  Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).  And see  Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995) (challenges to parole  board's procedures in general that may help prisoner in the future may be maintained in § 1983 action).  However, if a prisoner is challenging the result of a specific defective parole hearing or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 481 (1994).   The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release."  Cook, 37 F.3d at 168.  A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983.  Id.  And see Wilkinson v. Dotson, 125 S. Ct. 1242, 1248-49 (Mar 7, 2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because success in the action *would not necessarily* spell immediate or speedier release).

In this case, plaintiff is complaining of specific parole hearings and the alleged ex post facto application of new procedures that have allegedly prejudiced him and caused him to serve additional time.  Were the Court to find in plaintiff's favor on these claims, he would *necessarily* be entitled to a speedier release.  As such, plaintiff's claims are properly raised in a habeas corpus proceeding, not a § 1983 action.  Cook, *supra*.   And to proceed with his habeas corpus claims, plaintiff must first exhaust his state court remedies.  28 U.S.C. § 2254.  See Wilkinson, *supra*, where Justice Scalia notes in concurrence that prisoners "naturally prefer § 1983 to habeas corpus, in light of the burdensome

3

prerequisites attached to habeas relief by 28 U.S.C § 2254." Finally, plaintiff's alleged damage claims resulting from the allegedly unconstitutional parole hearing are not cognizable unless and until plaintiff can demonstrate that the challenged proceedings were in fact unconstitutional. Heck, 512 U.S. 477, 486-87 (1994) (in order to recover damages for unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question).

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His claims challenging the specific due process hearings must be raised in a habeas corpus proceeding, subject to exhaustion. Moreover, his alleged damages claims are not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decisions have been set aside. Plaintiff's claims are dismissed without prejudice as premature.

ORDERED this 2ND day of March, 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE